## L. D. LOUTHIAN v. FT. WORTH & DENVER CITY RAILWAY COMPANY.

### Decided May 9, 1908.

**1.—Negligence Predicated upon Duty.**

Negligence can only be predicated upon a failure to use the degree of care required of one by law in the discharge of a duty imposed thereby. If there be no duty there can be no negligence.

**2.—Same—Case Stated.**

Plaintiff, having business with the freight clerk of a railroad company, went to the depot to see him; as he approached the depot he saw the clerk enter one of several freight cars standing on a side track; he followed the clerk into the car and while talking to him was injured by a sudden moving of the car by a switch engine; the office of the clerk was in the depot, and no invitation, express or implied, had been extended to the plaintiff to enter the car. Held, that the railway company was not liable for the injuries received by plaintiff.

**3.—Negligence—Duty to Particular Person.**

To constitute actionable negligence there must be a violation of duty to the very person complaining.

Appeal from the District Court of Dallam County. Tried below before Hon. J. N. Browning.

*Reese Tatum,* for appellant.—If a person enters upon premises on business to be transacted with the owner or occupant thereof or by the procurement of the owner or occupant; and being himself in the exercise of due care, is injured by reason of the unsafe condition of the premises or the approaches thereto, such unsafe condition being known or such as ought to have been known, to the owner or occupant, the latter will be answerable in damages for such injuries. All persons having business with the company, such as shippers and consigners of freight, are entitled to the use of the company's premises and to the same protection from injury as passengers while thereon. Buswell on Personal Injuries (2d ed.), sec. 66, p. 100; 1 Thompson on Negli-

gence, p. 919, sec. 1003; 3 Elliott on Railroads, p. 1950, sec. 1249; Southern Ry. Co. v. Goddard, 89 S. W., 675; Illinois C. R. Co. v. Proctor, 89 S. W., 714; Shelby's Admr. v. C. N. O. & T. P. Ry. Co. (Ky.), 3 S. W., 159; International & G. N. Ry. Co. v. Ormond, 64 Texas, 485; Bennett v. L. & N. R. R. Co., 102 U. S., 577, 26 L. ed. 235; Cooley on Torts, 604, 607; Texas & P. Ry. Co. v. Best, 66 Texas, 116; Hamilton v. T. & P. Ry. Co., 64 Texas, 251.

It was the duty of the appellee to give to the appellant notice of the dangerous condition of the premises and that it intended to back its engine upon the side track or switch against the cars connected to the car in which the gang plank or running board was resting. Buswell on Personal Injuries (2d ed.), sec. 66, p. 100; 1 Thompson on Negligence, p. 919, sec. 1003; 3 Elliott on Railroads, p. 1950, sec. 1249; Bennett v. L. & N. R. R. Co., 102 U. S., 577, 26 L. ed., 235; Cooley on Torts, 604, 607.

*Spoonts, Thompson & Barwise, D. B. Hill, Hyde & Stalcup* and *J. M. Chambers,* for appellee.

CONNER, Chief Justice.—This suit was instituted for damages for personal injuries, and on the trial the court gave a peremptory charge to the jury to find for appellee. The verdict and judgment was in accordance with the instruction and errors are assigned requiring a consideration of the testimony.

The following are the facts briefly stated. Appellant had occasion in the prosecution of his business to procure a car in which to ship certain material over appellee's railway, and for that purpose went to appellee's freight depot in the town of Dalhart, Texas. As he approached the depot, which there extends north and south, he saw the freight clerk, whose duty it was to furnish such information and service as appellant was seeking, enter one of several freight cars standing on a switch track extending along the west side of the depot. Appellant passed over the platform and thence over a movable gang plank that had been extended from the platform to the door of the car to enable appellee's employes to go to and from the car in loading freight. The agent had preceded appellant but a very short time and was engaged in loading some iron fish bars in the west end of the car at the moment appellant arrived over the gang plank at the car door. Appellant immediately inquired of the agent about a car for his freight and was told that he could have the third car to the east. Appellant turned to look and identify the car designated, standing on the end of the gang plank resting in the car door, when an engine from the south, without warning, and with considerable force, made a coupling with the string of cars standing on the switch track, thus displacing the gang plank and throwing appellant to the ground and injuring him as alleged.

If a duty of care on appellee's part existed, there was evidence tending clearly to show negligence on the part of appellee's servants in making the coupling as was done. There was also evidence tending to show that appellant exercised ordinary care to ascertain whether a switch train was approaching. In other words, we think the evidence such as would ordinarily require the issues of negligence and of con-

tributory negligence to be submitted to the jury. But for the purpose in view it may be admitted that the jury might have determined both issues in appellant's favor yet it does not follow that appellant shows even a prima facie right of recovery.

We find nothing in the evidence showing that the freight agent's presence in the car was other than temporary, or that he either invited or knew of appellant's approach before being addressed. Nor does the evidence show that it was customary or in the line of such agent's duty or business to receive inquirers, or perform the service appellant sought, in a freight car. On the contrary, the substance of the evidence on the subject is that the agent in question "had two offices," one in the wareroom and the other in the room or office of the general agent. That "his duties were in handling freight" and to act as "bill clerk;" that it is the duty of the bill clerk "to bill the outgoing freight and also to superintend the loading and unloading of freight." That appellee was not using any car as an office and that both offices of the freight agent were inside the depot. That bills for outgoing freight were made out by the freight agent in the general office, while all freight was checked and the baggage business done in the office in the warehouse. It can not therefore, we think, be properly said that any express or implied invitation on appellee's part had been extended to appellant to enter upon the gang plank and into the car for the performance of his pending business. Can it be said that merely because a managing officer or agent of a corporation operating complex and dangerous machinery goes in the discharge of his duty temporarily out of his general place of business to and among such machinery, he thereby extends by implication an invitation to persons having business with the corporation to follow him up into a place of peril not intended for their presence? We think not. Appellee had provided two offices, safe from accidents of the kind in question, to which persons wishing to transact business with its agent might repair and within which business could safely be performed. Presumably no provision had been made to safeguard persons, other than employes, who might see proper to enter upon the gang plank, and appellee can not be held to have contemplated appellant's presence there. Appellee therefore, in the absence of knowledge of appellant's presence, owed him no duty to exercise care for his safety at the place of his injury, and where no duty to the person complaining exists no liability for want of care in his protection arises. As said by our Supreme Court in Dobbins v. Missouri, K. & T. Ry. Co. of Texas, 91 Texas, 60, "if there be no duty the question of negligence is not reached, for negligence can in law only be predicated upon a failure to use the degree of care required of one by law in the discharge of a duty imposed thereby." See, also, Houston, E. & W. T. Ry. Co. v. Grubbs, 28 Texas Civ. App., 367; Davis v. Houston, E. & W. T. Ry. Co., 29 Texas Civ. App., 42; Ratteree v. Galveston, H. & S. A. Ry. Co., 36 Texas Civ. App., 197; Texas & P. Ry. Co. v. Bell, 39 Texas Civ. App., 412.

The duty, too, for the violation of which actionable negligence may arise, must be a duty to the very person complaining. Appellee owed a duty of care to its employes engaged in working over the gang plank and in the car. But as to such employes it had the right to exact

obedience to its rules designed to protect them from unusual couplings or other accidents. Not so as to appellant. Appellee also could contemplate that its employes might be engaged in the very work they were doing when appellant sought out the freight agent. As to appellant, however, it could hardly have been contemplated that he would decline to use the place provided for him and others and go into a dangerous situation not intended for the transaction of the business he had in hand. If not, the negligence, if any, of the switch crew, in making the coupling, was not in a legal sense the proximate cause of appellant's injury, and hence not negligence creating liability in favor of appellant. See Texas & P. Ry. Co. v. Bigham, 90 Texas, 225; Brush Light & Power Co. v. Lefevre, 93 Texas, 604; City of Greenville v. Pitts, 102 Texas, 1.

On the whole, we conclude that the case made by the undisputed evidence authorized the court's peremptory instruction and that the judgment must be affirmed.

*Affirmed.*

Writ of error refused.