Henry WHITE, Appellant,

v.

Willie JACKSON, Appellee.

No. 3994.

Court of Civil Appeals of Texas.

Waco.

May 10, 1962.

Rehearing Denied June 7, 1962.

Shields, Jones & Whittington and James W. Cantwell, Dallas, for appellant.

Sanders, Nolen & Stevenson, H. J. Dollinger, Jr., Dallas, for appellee.

TIREY, Justice.

This is an appeal by writ of error from a default judgment.

A statement is necessary. In May 1961, Willie Jackson filed his original petition in the District Court of Dallas County against Henry White, a resident of Dallas County, and caused citation to be issued and served on White, but he failed to answer. We quote the pertinent parts of the petition:

"On or about the 7th day of June 1959, plaintiff sustained severe and extensive injuries and damages as a direct and proximate result of the negligence of defendant, all to the actual damage of plaintiff in an amount greatly in excess of One Thousand Dollars ($1000.00) and within the jurisdiction of the District Court.

"Wherefore, premises considered, plaintiff prays that defendant be cited to appear and answer herein, and that

upon final trial, plaintiff have judgment against defendant for all damages proved, costs of court, interest at the rate of 6% per annum from the date of the judgment until same is paid, and for such other and further relief as to which plaintiff may be justly entitled, whether at law or in equity."

On June 12, 1961, judgment was rendered against defendant in favor of plaintiff, and in the judgment we find this recital:

"the matters of fact and things in controversy being submitted to the court in their due and regular order, and it appearing to the court upon good and sufficient evidence that plaintiff is entitled to recover of and from Henry White, defendant, the sum of $20,510."

And decreed accordingly. Thereafter on August 30, 1961, White filed his petition for writ of error and executed a supersedeas bond, and this cause was removed to the Dallas Court of Civil Appeals for review, and is here on transfer. It appears that no court reporter was present and there is no statement of facts, and it also appears that more than 30 days had expired since the rendition and entry of a default judgment, and no motion for new trial was filed. See Rule 329–b, T.R.C.P.

The judgment is assailed on 5 Points. They are substantially to the effect that the Trial Court erred in entering judgment: (1 and 2) Based upon appellee's petition for the reason that the petition is not sufficient to support a default judgment, because it failed to allege any facts or circumstances from which it could be found that appellant breached any duty whatsoever which he might have owed appellee in connection with whatever act or omission of the appellant is claimed as negligence; and failed to allege any act or omission whatsoever of appellant which could constitute negligence; (3 and 4) That the Court erred in entering judgment for any amount of money for the reason that appellee's petition failed to allege any in-

jury, fact or act from which any damages could have resulted to appellee; and that the Court erred in entering judgment in the sum of $20,510.00 in favor of appellee for the reason that his petition could in no event support a judgment substantially in excess of $1,000.00; (5) That the judgment of $20,510.00 is erroneous, because such petition did not give appellant notice as to the nature of appellee's claim and the relief sought as required by the Fourteenth Amendment of the Constitution of the United States, and as also required by Article 1, Sec. 19 of the Constitution of the State of Texas, Vernon's Ann.St.

■■ Going back to Points 1 and 2, we think that each of them must be sustained for reasons which we shall briefly mention. The Rule in Texas is that the petition must adequately allege a cause of action before it can support a default judgment. See 25 Tex.Jur., Judgments, Sec. 36. In Griswold v. Carlson, 151 Tex. 246, 249 S.W.2d 58, our Supreme Court made this statement:

"The rules authorize the taking of a judgment by default. In order to support such a judgment, it is essential that the petition show a good cause of action upon which a default judgment can be entered, and the parties seeking such judgment must comply with the requirements of the rules regarding same."

The Court points out that Rule 90 of T. R.C.P., expressly excepts default judgments from its operation. Rules 45 and 47 T.R.C.P., are pertinent here. Rule 45 provides in part that pleadings shall:

"* * * (b) Consist of a statement in plain and concise language of the plaintiff's cause of action * * *. That an allegation be evidentiary or be of legal conclusion shall not be ground for objection when fair notice to the opponent is given by the allegations as a whole."

Rule 47 provides in part:

"A pleading which sets forth a claim for relief * * * shall contain

"(a) A short statement of the cause of action sufficient to give fair notice of the claim involved, and

"(b) A demand for judgment for the relief to which the party deems himself entitled."

The effect of Rules 45 and 47 above is apparent when they are considered in the light of Rule 90, T.R.C.P. It is likewise apparent from Rules 45 and 47 that the pleadings must give a party fair notice of the claim involved, and it is clear from Rule 90 aforesaid that a party seeking reversal of a default judgment because of defects, omissions or faults in pleadings, either in form or substance, does not waive the insufficiency of the pleading merely because of the default. See Vol. 4, McDonald, Tex.Civ.Prac., Sec. 1723, p. 1372. Edwards Feed Mill v. Johnson, Tex.Civ. App., 302 S.W.2d 151, reversed by Supreme Court on other grounds not pertinent here, 311 S.W.2d 232. It is clear under the foregoing authority that our Supreme Court intended to retain the rule relating to a general demurrer as a test of the sufficiency of pleadings to support a judgment by default. In fact, under the express language of Rule 90, T.R.C.P., the same test is still valid. See 25 Tex.Jur., Judgments, Sec. 36, and Odom v. Pinkston, Tex.Civ.App., 193 S.W.2d 888, n.r.e. It is clear to us that the petition of appellee could not withstand the test of a general demurrer. The Rule is that in order to be sufficient to support a default judgment, a plaintiff's petition must at least set forth sufficient of the facts and circumstances which constitute his cause of action as to fairly notify his adversary of the basis of his claim and of the relief which he is seeking.

 Going back to appellee's petition, we find that it fails to allege any act or omission on the part of appellant which constituted negligence; we find no allegation of fact indicating that appellant owed appellee any duty whatsoever in connection with whatever might be the basis of appellee's claim against him. No facts are alleged in the petition. The only word contained in appellee's petition which might be considered any clue as to the nature of appellee's claim is the word "negligence." But, there can be no negligence unless a duty is present, and here none is alleged. The term "negligence" is not used to characterize any specific act or omission made by appellant, and there is no way of ascertaining from the pleading that appellant may or might have owed appellee a duty of any kind whatsoever. So the word "negligence", standing alone, provides the only starting point for determination of whether or not appellee's petition was sufficient to support a default judgment. It follows that in resolving Points 1 and 2, resort can be had only to the general rules pertaining to negligence actions. 30-B, Tex.Jur., Negligence, Sec. 4, states substantially that the essentials of actionable negligence are the elements of (1) duty, (2) breach and (3) injury. Certainly the element of duty of the defendant to plaintiff is not shown in the petition. In Independent Eastern Torpedo Co. v. Carter, Tex.Civ.App., 131 S.W.2d 125, n.w.h., we find this statement: (See cases cited under Point 2).

"The declaration, complaint, or petition must show the existence of a legal duty on the part of the defendant to exercise care as to the person or property injured, at the time and place of the injury; it must allege facts showing a duty owing by defendant to the person injured to do or not to do the thing complained of as the proximate cause of the injury. It is insufficient to allege merely that the defendant negligently performed or failed to perform certain acts, whereby the injury was caused without an allegation showing the defendant's duty in the matter.

* * * * * *

"A mere general allegation of the existence of such duty without a state-ment of facts from which the duty arises is insufficient as being merely a statement of a legal conclusion."

See 30–B, Tex.Jur., Negligence, Sec. 125. When the foregoing rules are applied to the petition in this cause it shows that such petition is fatally defective. As above stated, no duty was alleged owing by the appellant to appellee, nor were any facts or circumstances alleged from which a duty could even be remotely implied or inferred. As to the relationship of the parties, it is not even shown by the plead-ing that they directly, or by any agency, were within miles of each other at the time in question. See also San Antonio & A. P. Ry. Co. v. Morgan, 92 Tex. 98, 46 S.W. 28. Wichita County Water Im-provement District #1 v. Curlee, 120 Tex. 103, 35 S.W.2d 671. Also Wichita Falls and Southern R. R. Co. v. Anderson, Tex. Civ.App., 144 S.W.2d 441, Louthian v. Ft. Worth & D. C. Ry. Co., 50 Tex.Civ.App. 613, 111 S.W. 665. In Missouri Pacific Ry. Co. v. Hennessey, 75 Tex. 155, 12 S.W. 608, we find this statement of the Rule:

"A mere abstract proposition that de-fendant was guilty of negligence which resulted in injury to the plaintiff would not be sufficient. The act done or omitted constituting negligence must be averred and proved. Hence it follows that an act done or omitted which is relied on to establish negligence must be alleged, or proof of it will not be allowed. Where, from the nature of the case, the plaintiff would not be ex-pected to know the exact cause, or the precise negligent act which becomes the cause, of an injury, and where the facts are peculiarly within the knowl-edge of the defendant, he would not be required to allege the particular cause, but it would be sufficient to al-lege the fact in a general way, as that there was a defect of machinery of structure, or want of skill in operating on the part of defendant or its serv-ants, or some such fact as would give the defendant notice of the char-acter of proof that would be offered to support the plaintiff's case. * * * If an injury occurs under such circum-stances that a negligent act on the part of defendant cannot be alleged or proved, and where no relation exists between the parties that demands im-munity from injury, there can be no recovery."

The foregoing rule is very broad and comprehensive and our Supreme Court has not seen fit to change it. It seems to us that appellee alleged no more than a legal conclusion to the effect that appellant was liable to him as a result of negligence; that appellee's pleading is and was fatally defective; that in effect it contained noth-ing more than the unsupported statement that appellant is liable to appellee because of some unknown act or omission of neg-ligence resulting in some unknown injury or damage to appellee; such allegations are obviously a conclusion on the part of appellee and do not furnish any informa-tion whatsoever from which such conclu-sion could be drawn. The allegation of negligence is a mere conclusion of the pleader, and such allegation is not admitted by either a general demurrer or by de-fault, and such allegation in the petition could in no event support a judgment by default under Rules 45, 47 and 90, T.R.C.P. See also Cragin v. Lovell, 109 U.S. 194, 197, 27 L.Ed. 903.

Needless to say that appellee's pleading was wholly insufficient to permit appellant to identify anything or to estimate the scope of the dispute, which is well illustrated by a judgment for $20,510.00 against him, based upon a petition alleging damages only "in excess of $1,000.00". We think for the reasons stated that Points 1 and 2 must be sustained; and this will require that the cause be reversed and remanded.

Appellant's 3rd Point is substantially that the Court erred in entering judgment for any amount of money, for the reason that the petition failed to allege any injury, fact or act from which any damages could have resulted to appellee. We think it is obvious that this point must be sustained. For the rules prescribing the detail with which the damages must be alleged, see Vol. 2, McDonald, Texas Civ. Prac., Sec. 6.17, at p. 576. Going back to the appellee's petition in this cause, the defendant was not advised of the alleged damages and injuries to appellee, either to his person or to his property. We think that a pleading which wholly failed to state whether or not the alleged injuries or damages were personal or whether the damage was to property, is fatally defective and will certainly not support a judgment by default for any amount. The petition, as we have stated before, does not allege any act, circumstance or injury from which damages normally flow or can be remotely implied. Certainly none can be supplied by the court. It is the general rule of pleadings that fair notice is a guide for determining whether or not a petition contains sufficient allegations on which to base an award of damages in any amount. See Rules 45 and 47 T.R.C.P. See also 17 Tex. Jur.2d, Damages, Sec. 192. The petition here does not allege any facts from which the court can supply any measure of damages whatsoever, and we think such failure requires the judgment to be reversed and remanded. See Caswell v. J. S. McCall & Sons, Tex.Civ.App., 163 S.W. 1001, n.w.h.

We have carefully considered Points 4 and 5, and we think each should be sustained. Since we are of the view that the cause must be reversed and remanded, it will unduly extend this opinion to make further comment on Points 4 and 5, and for that reason we do not do so. Accordingly, this cause is reversed and remanded.

McDONALD, C. J., and WILSON, J., concur in the result.