**Paul LOPEZ, Appellant,**

**v.**

**John B. ABALOS, Appellee.**

**No. 4566.**

Court of Civil Appeals of Texas, Eastland.

July 28, 1972.

Nunn, Griggs, Beall & Wilks, James L. Wilks, Sweetwater, for appellant.

McCLOUD, Chief Justice.

This is an appeal by writ of error from a default judgment.

John B. Abalos sued Paul Lopez and Rosalia L. Martinez for property damages resulting from an automobile collision. Both defendants were served with citation but neither answered. The trial court entered a default judgment in favor of Abalos against Lopez and Martinez. Paul Lopez perfected this appeal by writ of error. John B. Abalos neither filed a brief nor made an appearance of any kind to contest the appeal. We reverse and remand.

Appellant, Lopez, contends that as to him, the allegations contained in plaintiff's original petition will not support a default judgment. We agree.

The petition for writ of error is directed solely at the pleadings of Abalos and the judgment of the court. The petition alleges that on May 29, 1970, an automobile collision occurred between a vehicle owned and operated by Abalos and a vehicle owned by appellant, Lopez, but operated by Martinez. The petition contains several alleged specific negligent acts by Martinez. There is no allegation, general or specific, of negligent conduct by Lopez. The petition alleges only "that at the time of the accident in question, the Defendant, Rosalia L. Martinez, was operating the vehicle owned by the Defendant, Paul Lopez, with his express permission and consent and under such circumstances as to make her the agent of Paul Lopez."

■ Rules 45 and 47, Texas Rules of Civil Procedure, require that pleadings give fair notice of the claim involved. Rule 90, T.R.C.P., which provides for waiver of defects not specifically pointed out, does not apply to a party against whom a default judgment has been rendered.

■ It has been frequently held that a petition containing only a general allegation of negligence does not satisfy the requirements of Rules 45 and 47, and will not support a default judgment. White v. Jackson, 358 S.W.2d 174, (Tex.Civ.App.—Waco 1962, writ ref. n. r. e.); Stinson v. Jones, 434 S.W.2d 212, (Tex.Civ.App.—Beaumont 1968, no writ); White Motor Company v. Loden, 373 S.W.2d 863, (Tex. Civ.App.—Dallas 1963, no writ).

The court in White v. Jackson, supra, said:

"The Rule is that in order to be sufficient to support a default judgment, a plaintiff's petition must at least set forth sufficient of the facts and circumstances which constitute his cause of action as to

fairly notify his adversary of the basis of his claim and of the relief which he is seeking."

Here we have only the bare assertion that Martinez was operating a vehicle "under such circumstances as to make her the agent of Paul Lopez". We think that fair notice was not given to Lopez of the facts and circumstances relied upon by Abalos to create the agency relationship. See C & H Transportation Company v. Wright, 396 S.W.2d 443, (Tex.Civ.App.— Tyler 1965, writ ref. n. r. e.).

The default judgment rendered against Paul Lopez is reversed and the cause remanded for trial.