George Michael **WILLOCK**, Appellant,

v.

**Toan Viet BUI**, Appellee.

No. 01–86–0825–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 14, 1987.

Charles W. Getman, Hinton & Associates, Houston, for appellant.

Mark A. Hovenkamp, Law Offices of George M. Fleming, Houston, for appellee.

Before WARREN, HOYT and DUNN, JJ.

## OPINION

WARREN, Justice.

By writ of error, appellant contends that a default judgment entered against him should be set aside because:

(1) the pleadings were inadequate to support a default judgment;

(2) the trial court erroneously awarded damages for past, present, and future medical expenses, without receiving expert testimony; and

(3) the evidence was insufficient to support the default judgment.

As appellant has not furnished us with a statement of facts, we may not review his second and third points of error, which complain of the quality and sufficiency of the evidence. Tex.R.App.P. 54(a). We will consider appellant's first point of error claiming that appellee's petition was inadequate to support a default judgment.

The pertinent part of appellee's petition reads as follows:

### II.

Defendant, George Michael Willock, is a resident of Houston, Harris County, Texas and may be served with process at his address at 1247 S. Kirkwood, Houston, Texas 77077.

### III.

On January 9, 1985 at approximately 8:00 a.m., Toan Viet Bui sustained serious personal injuries while driving a 1985 Toyota pickup truck which was involved in a rear-end collision, which forced his vehicle into the car in front of him. The automobile which Toan Viet Bui was operating was struck from behind during the collision which involved a Pontiac, Texas license plate number 323–ADH, driven by George Michael Willock. The collision occurred at 1300 Hays Road, Houston, Texas.

### IV.

The collision described in paragraph III above and made the basis of this suit was directly and proximately caused by the negligence of George Michael Willock. On the occasion in question, George Michael Willock was guilty of acts of negligence each of which were a proximate cause of the collision made the basis of this suit.

## V.

Plaintiff alleges that the damages sustained will greatly exceed the minimum jurisdictional limit of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear herein and that upon hearing, Plaintiff have judgment against Defendant for his damages, plus interest and costs and such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

Though a part of the petition is inartfully drawn, it nevertheless informs the appellant of the time and the place of the automobile collision, that appellee sustained personal injuries in the collision, and that appellee is contending the collision and the appellee's injuries were proximately caused by the appellant's negligence. Tex.R. Civ.P. 45(b) only requires that the petition "[c]onsist of a statement in plain and concise language of the plaintiff's cause of action...." Tex.R.Civ.P. 47 requires that the petition shall contain "(a) a short statement of the cause of action sufficient to give fair notice of the claim involved ...," and "(c) a demand for judgment for all the other relief to which the party deems himself entitled."

■ Pleadings are sufficient if they give the opposing party fair notice of the claim involved. *Castleberry v. Goolsby Bldg. Corp.,* 617 S.W.2d 665 (Tex.1981).

■ In order to support a default judgment, it is not necessary that the plaintiff set out in his pleadings, evidence on which he relies to establish his asserted cause of action. *Edwards Feed Mill v. Johnson,* 158 Tex. 313, 311 S.W.2d 232 (1958). Nor is it a requisite that a petition be technically sufficient to state a cause of action in order to sustain a default judgment. *Id.*

■ A fair interpretation of the petition is that the appellee claims that he and the appellant were involved in an automobile collision, and that he was injured as a result of the appellant's negligence. The petition adequately informed appellant of the nature of the claim against him in compliance with Tex.R.Civ.P. 45 and 47.

Affirmed.

HOYT, J., files a dissenting opinion.

HOYT, Justice, dissenting.

I respectfully dissent and would sustain the appellant's first point of error, because the appellee's pleadings fail to allege a legal duty owed by the appellant to the appellee.

Tex.R.Civ.P. 90 states:

Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the judgment is signed, shall be deemed to have been waived by the party seeking reversal on such account; *provided that this rule shall not apply as to any party against whom default judgment is rendered.*

(Emphasis supplied.) I interpret this rule to mean that defective allegations in pleadings that otherwise are waived during trial, are not so waived in cases where a default judgment is entered. Therefore, a default judgment may not be entered on matters not pled when those matters are essential to a cause of action based upon negligence. *See White v. Jackson,* 358 S.W.2d 174 (Tex. Civ.App.—Waco 1962, writ ref'd n.r.e.). The essentials of actionable negligence are (1) duty, (2) breach of duty, and (3) injury. *Id.*

In the case at bar, the appellee's pleading on duty and breach of duty was as follows:

## III.

On January 9, at approximately 8:00 a.m., Toan Viet Bui sustained serious personal injuries while driving a 1985 Toyota pickup truck which was involved in a rear-end collision, which forced his vehicle into the car in front of him. *The automobile which Toan Viet Bui was operating was struck from behind dur-*

*ing the collision which involved a Pontiac, Texas license plate number 323–ADH, driven by George Michael Willock.* The collision occurred at 1300 Hays Road, Houston, Texas.

(Emphasis added.) This pleading is insufficient as a matter of law to charge the appellant with a duty of any kind. In fact, the pleading fails to apprise the appellant of what his specific involvement was in the collision. Appellee's assertion that the appellant's vehicle was "involved" in a collision with him, that also involved several other vehicles, does not assert a violation of any duty or responsibility owed by the appellant to the appellee. I would sustain the first point of error, reverse the judgment, and remand this cause to the trial court.