Ulrich MUHR, Appellant,

v.

**PARAMOUNT PIPE & SUPPLY CO., INC., Appellee.**

No. 11-87-022-CV.

Court of Appeals of Texas, Eastland.

Aug. 6, 1987.

Rehearing Denied Oct. 22, 1987.

William K. Rutledge, Rutledge & Rutledge, Abilene, for appellant.

Travis M. Hartgraves, Abilene, Ross L. Jones, Don Johnson, Johnson, Jones & Autry, Coleman, for appellee.

OPINION

McCLOUD, Chief Justice.

This is an appeal by writ of error of a default judgment. Plaintiff, Paramount Pipe and Supply Company, Inc., sued Ulrich Muhr and Western International Petroleum Corporation, an Arizona corporation doing business in Texas, seeking payment for materials and services furnished in connection with the drilling and operating of oil and gas wells in Coleman and Callahan Counties. Plaintiff further sought the foreclosure of mechanic's and materialman's liens covering the "Moon Lease" and the "Creswell Lease" filed pursuant to TEX.PROP.CODE ANN. sec. 56.001 et seq. (Vernon 1984). Muhr, a resident of Arizona, was served with citation under TEX.R. CIV.P. 108.

Neither Muhr nor Western International Petroleum Corporation filed an answer to plaintiff's suit. The trial court rendered a joint and several default judgment against Muhr and Western International Petroleum Corporation for $16,825.21 plus interest and attorney's fees of $4,000.00. The court further ordered the foreclosure of the mechanic's and materialman's liens. Western International Petroleum Corporation did not appeal. Muhr, an individual, appeals by writ of error. We reverse and remand.

Paragraph No. II of plaintiff's original petition states:

The cause of action asserted by Plaintiff arises from and is connected with purposeful acts committed by Defendant Western International Petroleum Corporation, acting for itself and as agent for Defendant Ulrich Muhr.

Paragraph No. III of the petition alleges:

Between the dates of October 29, 1985 and November 14, 1985 the Plaintiff, at the special instance and request of Defendant Western International Petroleum Corporation, performed services and provided materials to mineral leasehold properties situated in Callahan County, Texas, identified as the "Moon Lease," and described in EXHIBIT "A", attached hereto and incorporated herein by reference, and Defendant Western International Petroleum Corporation, acting for

itself and for Defendant Ulrich Muhr, accepted such services and materials and became bound to pay the reasonable charges therefor. Defendants breach of said obligation to pay for such services and materials is the basis for the filing of Plaintiff's Sworn Statement of Lien and of Plaintiff's cause of action herein.

A similar allegation is found in Paragraph No. VII relating to the "Creswell Lease."

The petition alleges that the services and materials were furnished at the request of and accepted by Western International Petroleum Corporation and that plaintiff presented its claim for payment to Western International Petroleum Corporation. The invoices attached to the petition are addressed to Western International Petroleum Corporation. The lien statements attached to the petition state that the services and materials were furnished under an "express contract" with Western International Petroleum Corporation. Muhr is not mentioned in the invoices or lien statements.

The rule is well established that a petition which serves as the basis for a default judgment must give "fair notice" to the defendant of the claim asserted. *Stoner v. Thompson*, 578 S.W.2d 679 (Tex.1979). This Court addressed the issue of "fair notice" in a petition alleging agency in the case of *Lopez v. Abalos*, 484 S.W.2d 613 (Tex.Civ.App.—Eastland 1972, no writ). In *Lopez*, Abalos sued Lopez and Martinez for damages resulting from an automobile collision. The trial court entered default judgments against Lopez and Martinez. Lopez perfected an appeal by writ of error. This Court stated:

The petition for writ of error is directed solely at the pleadings of Abalos and the judgment of the court. The petition alleges that on May 29, 1970, an automobile collision occurred between a vehicle owned and operated by Abalos and a vehicle owned by appellant, Lopez, but operated by Martinez. The petition contains several alleged specific negligent acts by Martinez. There is no allegation, general or specific, of negligent conduct by Lopez. The petition alleges only

"that at the time of the accident in question, the Defendant, Rosalia L. Martinez, was operating the vehicle owned by Defendant, Paul Lopez, with his express permission and consent and under such circumstances as to make her the agent of Paul Lopez."

Rules 45 and 47, Texas Rules of Civil Procedure, require that pleadings give fair notice of the claim involved. Rule 90, T.R.C.P., which provides for waiver of defects not specifically pointed out, does not apply to a party against whom a default judgment has been rendered.

It has been frequently held that a petition containing only a general allegation of negligence does not satisfy the requirements of Rules 45 and 47, and will not support a default judgment. *White v. Jackson*, 358 S.W.2d 174 (Tex.Civ. App.—Waco 1962, writ ref. n.r.e.); *Stinson v. Jones*, 434 S.W.2d 212 (Tex.Civ. App.—Beaumont 1968, no writ); *White Motor Company v. Loden*, 373 S.W.2d 863 (Tex.Civ.App.—Dallas 1963, no writ).

\* \* \* \* \* \*

Here we have only the bare assertion that Martinez was operating a vehicle "under such circumstances as to make her the agent of Paul Lopez". We think that fair notice was not given to Lopez of the facts and circumstances relied upon by Abalos to create the agency relationship.

The instant case is not significantly distinguishable from *Lopez*. There are no facts or acts pleaded to give Muhr fair notice of the circumstances creating an agency relationship. There are no factual allegations tending to show that Western International Petroleum Corporation had either actual, implied, or apparent authority to request the materials and services on behalf of Muhr. The petition, like the petition in *Lopez*, contains only the legal conclusion that Western International Petroleum Corporation was acting as "agent" for Muhr.

The court in *Village Square, LTD. v. Barton*, 660 S.W.2d 556 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.), was concerned with the following allegations under

the Deceptive Trade Practices Act, TEX. BUS. & COM.CODE ANN. sec. 17.41–17.63 (Vernon Supp.1987):

> [P]laintiff is a consumer and in the course of this transaction, defendants engaged in false, misleading, and deceptive acts or practices in trade or commerce; further ... the course of conduct is further in violation of sections 17.46 and 17.50 of the Texas Business and Commerce Code, in that defendants have failed to comply with express and/or implied warranties, and have been guilty of unconscionable actions or courses of action and plaintiff is thereby entitled to relief, in addition to their actual damages, treble damages and reasonable attorneys' fees.

The court observed that the pleadings did not "in any way designate or state with particularity which acts or events were relied upon as a basis for liability under the Texas Deceptive Trade Practices Act." The court held that the petition failed to give "fair notice" to the defendant of the claim asserted. Likewise, the petition in the instant case fails to give Muhr "fair notice" of the claim asserted.

Plaintiff also refers us to Paragraph No. XI of its petition which states as follows:

> Plaintiff would further allege and show, independently of and alternatively to the matters contained hereinabove, that the Defendants are acting in concert to preclude Plaintiff from recovery herein for the sums due and owing to Plaintiff. Defendant Western International Petroleum Corporation has executed certain Assignments of Oil, Gas and Mineral Leases, which expressly cover the Moon and Creswell Leases, and which Assignments serve to transfer all of Western International Petroleum Corporation's rights in the leases to Ulrich Muhr, as security for a certain indebtedness owed to Ulrich Muhr. Plaintiff would allege that the Defendant, Ulrich Muhr, knew or reasonably should have known of the business activities of Defendant Western International Petroleum Corporation in connection with mineral development of the Moon and Creswell Leases, and that

Western International Petroleum Corporation was acting as agent for and under the authority of Ulrich Muhr.

These allegations are insufficient to permit a default judgment against Muhr for the materials and services requested and accepted by Western International Petroleum Corporation. This paragraph both fails to state a cause of action against Muhr for the services and materials and fails to provide fair notice of the basis of the claim. See *Fairdale Limited v. Sellers*, 651 S.W.2d 725 (Tex.1982). It is merely an allegation that Muhr knew or should have known that Western International Petroleum Corporation was engaged in developing the "Moon" and "Creswell" leases and that Western International Petroleum Corporation, acting with Muhr, had assigned the leases to Muhr as security for an indebtedness owed by Western International Petroleum Corporation to Muhr. There is neither an allegation of any duty owed by Muhr to plaintiff nor an allegation of a breach of any duty. See *Fairdale Limited v. Sellers*, supra.

The default judgment against Muhr is reversed, and the cause is remanded for a new trial.