## FINNELL et al. v. BYRNE et al.    (No. 8013.)

Court of Civil Appeals of Texas. San Antonio.
May 23, 1928.

1. Jury ☞25(1), 28(9)—Where defendants made proper demand for jury and paid fee, right to jury trial became fixed and inviolate, notwithstanding absence when case was tried (Const. art. 1, § 15; Rev. St. 1925, arts. 2124–2126).

Where defendants made seasonable and regular demand for jury and seasonably paid appropriate fee to proper officer, right to trial by jury became fixed and held inviolate under Const. art. 1, § 15, and Rev. St. 1925, arts. 2124–2126, notwithstanding that parties demanding jury and paying fee were not present when case was tried.

---
☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Jury ⬤⟞28(3)—Right to jury trial may be waived.**

Right to trial by jury may be waived by parties.

**3. Jury ⬤⟞25(2)—Demand by one party for jury trial inures to other parties to suit.**

Where one party demands jury and pays fee, right thus secured by him inures to all other parties to suit.

Error from District Court, McMullen County; T. M. Cox, Judge.

Action by Corine C. Byrne and others against H. T. Finnell and others. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

Joe Burkett and Spencer & Rogers, all of San Antonio, for plaintiffs in error.

Chas. Troy and Sid Malone, both of Beeville, for defendants in error.

SMITH, J. Defendants in error filed this suit against plaintiffs in error, who filed answers in due course. On appearance day following the filing of the suit plaintiffs in error, as defendants below, in open court made proper demand for a jury, and paid to the clerk of the court the jury fee prescribed by law. Subsequently, at the next term of court, and in the absence of plaintiffs in error and their counsel, the court called the case and tried it without a jury; it being recited in the judgment that no jury was demanded either by the plaintiffs or either of two named defendants, other than plaintiffs in error, no reference being made to the latter's fortified demand for a jury.

[1] Plaintiffs in error's first proposition is that the trial court committed reversible error in trying the cause without a jury; it appearing that a jury had been seasonably demanded and the jury fee seasonably paid. We are obliged to sustain this contention. The right of trial by jury is guaranteed by the Constitution to all litigants who demand the same in the manner prescribed by law, which lays down a simple course of procedure therefor. Article 1, § 15, Constitution; articles 2124, 2125, 2126, R. S. 1925.

In this case the plaintiffs in error, as defendants below, made seasonable and regular demand for a jury, and seasonably paid the appropriate fee to the proper officer. By this procedure his right to a trial by jury became fixed and inviolate. Blair et al. v. Paggi (Tex. Com. App.) 238 S. W. 639; Lacroix v. Evans, 1 White & W. Civ. Cas. Ct. App. § 749; Jones v. Hamby (Tex. Civ. App.) 29 S. W. 75; Hays v. Housewright (Tex. Civ. App.) 133 S. W. 922.

[2, 3] Of course this right may be waived by the parties, but no party waived it in this case. Where one party demands a jury and pays the fee, the right thus secured by him inures to all the other parties to the suit. And the fact that the parties demanding and paying the fee for a jury were not present when the case was tried, either in person or by counsel, did not amount to a waiver or impair their right to have the issues in the cause tried by jury. Lacroix v. Evans, supra; Jones v. Hamby, supra. As was said in the Lacroix Case:

"This right [of trial by jury] is guaranteed * * * by the Constitution, and cannot be defeated in the absence of unmistakable waiver. Mere absence from the courtroom [by a party thus entitled] of himself or his attorney, when the case is reached and called for trial, cannot, standing alone, be construed as such waiver, for this often happens through inadvertence, * * * or misfortune, which ought not to work a forfeiture of jury trial."

We hold, accordingly, that the court erred in dispensing with a jury in the trial of the cause. There are other questions in the appeal, but it is probable they will not arise upon another trial, and they need not be decided in this appeal.

The judgment is reversed, and the cause remanded.