## PANHANDLE & S. F. RY. CO. v. LAWLESS.

### No. 3374.

Court of Civil Appeals of Texas. El Paso.

May 7, 1936.

Terry. Cavin & Mills, of Galveston, Collins, Jackson & Snodgrass, of San Angelo, and Olin Blanks, of San Angelo, for appellant.

H. Womack, of McCamey, for appellee.

PELPHREY, Chief Justice.

This case was originally filed in the justice's court of precinct No. 4, in Upton county, Tex., by appellee. He there sought to recover the sum of $150 alleged to be the value of two mules killed by appellant's train. Appellant failed to appear, and a judgment by default against it for $150 plus $20 attorney's fees was rendered.

It later appealed the cause to the county court of Upton county, where an agreement as to pleadings was made. That agreement shows that appellee was suing appellant for alleged damages for the killing of two mules worth $150. He alleged that said mules were killed by the appellant running its motor against and over them without either ringing the bell, blowing the whistle, or making any attempt to stop before striking the mules.

Appellee also sought to recover $20 as attorney's fees. Appellant answered by a general denial and further alleged that the mules were running at large contrary to the provisions of a city ordinance of the city of McCamey.

It is shown by the findings of facts filed herein that appellant seasonably demanded a jury in the cause and paid the fee therefor, but that thereafter a judgment was rendered in the cause by the court without the intervention of a jury. From that judgment this appeal has been prosecuted.

Opinion.

The two propositions found in appellant's brief both relate to the action of the

trial court in rendering the judgment without the aid of a jury.

 Either party in a civil case is entitled to a jury for the trial of a cause wherein an issue of fact is raised by the pleadings, upon application to the court therefor and payment of the fee. With the consent of the other party, one who has applied for a jury and paid the fee may withdraw the jury and have the case tried to the court, but, without such a withdrawal or the presence of circumstances constituting a waiver of the right, a jury trial is imperative. 26 Tex.Jur. § 13, pp. 576, 577; Finnell v. Byrne (Tex.Civ.App.) 7 S.W.(2d) 139, and authorities cited. The fact that the demanding party or his attorney may be absent when the case is called for trial is not sufficient to constitute a waiver. Lacroix v. Evans, 1 White & W.Civ.Cas.Ct.App. § 749.

 It is apparent from what has been said that the trial court erred in rendering judgment without permitting a jury to pass upon the issues of fact which were clearly raised by the pleadings.

The judgment is reversed, and the cause remanded.