**W. Owen BARKER, Appellant,**

v.

**Maurice E. KIDD, Appellee.**

No. 10963.

Court of Civil Appeals of Texas.

Austin.

May 9, 1962.

Koehne, Fulbright & Winniford, Waco, for appellant.

Newman & McCollum, Brady, for appellee.

RICHARDS, Justice.

Maurice E. Kidd, appellee, instituted suit in the District Court of McCulloch County against W. Owen Barker, appellant, to recover damages to and loss of use of his automobile arising out of a collision with an automobile operated by appellant. Appellant answered by general denial and plea of contributory negligence and in the alternative alleged that the collision was the result of an unavoidable accident. Pursuant to Rule 216, Texas Rules of Civil Produre, on March 5, 1959, appellant demanded a jury and paid the jury fee.

The case was set for trial on May 15, 1961 but no jury was summoned or empaneled for the week beginning May 15, 1961. When the case was called for trial on May 15, 1961 neither appellant nor his counsel were present in Court although appellant's counsel was advised by appellee's counsel on March 29, 1961, that the case had been set for trial on May 15, 1961. No motion for continuance having been filed or request for postponement having been made to either the Trial Court or appellee's counsel by appellant's counsel, the case proceeded to trial before the Trial Court without a jury. The Trial Court after hearing the testimony of appellee who was the sole witness in his behalf, rendered judgment in favor of appellee in the sum of $1330.00.

Appellant thereafter filed his motion for new trial alleging that appellant's counsel had been engaged in the trial of a cause which commenced in McCulloch County on

May 8, 1961 but which was not concluded until May 18, 1961, and therefore it was impossible for him to appear for the trial of the case at bar on May 15, 1961. Appellant further alleged that he had a meritorious defense in that he expected to offer proof that appellee was guilty of contributory negligence which was the proximate cause of the collision and resulting damages and that the damages claimed by and awarded to appellee were grossly excessive. The Trial Court overruled the motion for new trial and appellant perfected this appeal.

Appellant's sole point of error is that the judgment should be reversed because the Trial Court was without authority to enter a judgment since appellant having made a seasonable and legal demand for a jury and paid the jury fee to the proper officer, his right to trial by jury became fixed and inviolate.

The judgment entered by the Trial Court recited that a jury was waived. It is admitted by appellant that neither appellant nor his counsel appeared for the trial on May 15, 1961 and that neither the Judge of the Trial Court, the appellee nor the attorney for appellee was notified that counsel for appellant was engaged in another trial before the District Court of McCulloch County.

The right of trial by jury is granted by the Constitution to all litigants who demand such trial in the manner prescribed by law. Sec. 15, Art. I, Constitution of Texas, Vernon's Ann.St.; Rule 216, T.R.C.P. Having properly and seasonably demanded a jury and paid the appropriate fee to the proper officer, appellant's right to trial by jury became fixed and inviolate. The fact that neither appellant nor his counsel who had demanded and paid the fee for a jury were present when the case was tried did not amount to a waiver or impair appellant's right to have the issue of contributory negligence on the part of appellee raised by appellant's pleadings tried by a jury. Finnell v. Byrne, Tex.Civ.App., 7 S.W.2d 139, no writ history; Panhandle & S. F. Ry. Co. v. Lawless, Tex.Civ.App., 94 S.W.2d 213, no writ history.

Appellee contends that the rule of law stated in the cited cases, which were decided before the effective date of the Texas Rules of Civil Procedure, is clearly wrong and in any event has been overruled by the Supreme Court of Texas in Slay v. Burnett Trust Co., 143 Tex. 621, 187 S.W.2d 377. With these contentions we are unable to agree. When Rule 216 was derived from Arts. 2124 and 2125, R.C.S.1925, no fundamental changes in the right to trial by jury were made by the adoption of the rule. The holding by the Supreme Court in the Slay case that where upon a trial the evidence is undisputed the Trial Court may withdraw the case from the jury and enter judgment, is not applicable to the factual situation here presented.

Appellee was the sole witness testifying in his behalf and was therefore an interested witness. The general rule is that the testimony of interested witnesses does no more than raise a fact issue to be determined by the jury and is sufficient to require the credibility of the testimony to be submitted to the jury. Therefore the uncontradicted, uncorroborated testimony of a party to the suit such as appellee will not authorize or support an instructed verdict. James T. Taylor and Son Inc. v. Arlington Ind. School Dist., 160 Tex. 617, 335 S.W.2d 371, 376; Flack v. First National Bank of Dalhart, 148 Tex. 495, 226 S.W.2d 628, 633. The Trial Court erred in rendering judgment for appellee without submitting the factual issue raised by the uncorroborated testimony of appellee to be passed upon by a jury.

Appellant's point of error is sustained and the judgment of the Trial Court is reversed and the cause remanded.

Reversed and remanded.