WHITE MOTOR COMPANY, Appellant,

v.

Jim LODEN and Gene T. Lewis, Appellees.

No. 16257.

Court of Civil Appeals of Texas.

Dallas.

Dec. 6, 1963.

Rehearing Denied Jan. 3, 1964.

Leachman, Gardere, Akin, Porter & De-Hay, and Gordon H. Rowe, Jr., Dallas, for appellant.

McKool & McKool and Mike Aranson, Dallas, for appellees.

DIXON, Chief Justice.

On February 8, 1963 White Motor Company, Petitioner, filed its application for a writ of error pursuant to Art. 2255 Vernon's Ann.Civ.St. and Rules 359–363 Texas Rules of Civil Procedure. Petitioner seeks to set aside a judgment rendered against it on October 30, 1962.

On October 1, 1962 Respondents Jim Loden and Gene T. Lewis filed suit for

damages for personal injuries alleged to have been received through the negligence of White Motor Company, an Ohio corporation, doing business in the State of Texas.

At the time of filing suit Respondents paid a jury fee and the case was placed on the jury docket. Nevertheless, judgment was rendered by default by the trial court without the intervention of a jury. The judgment was against White Motor Company and in favor of Jim Loden for $5,000.00 and in favor of Gene T. Lewis for $4,500.00.

In its first point on appeal White Motor Company asserts that the court erred in rendering judgment because Respondents in their pleading alleged that White Motor Company was a foreign corporation whose agent for service of citation was C. T. Corporation, but the citation and the officer's return thereon showed that service was had on one D. E. Wahle in person, designated on the return as "agent for service".

Art. 8.08, subd. A(2), Vernon's Ann.Civ. St. of the Texas Business Corporation Act provides that a foreign corporation authorized to do business in Texas may designate a domestic corporation or a foreign corporation authorized to do business in Texas as its registered agent. Art. 8.10 of the Act provides that service of process may be had on a foreign corporation's registered agent.

■ Petitioner's first point on appeal is well taken. In Texaco, Inc. v. McEwen, Tex.Civ.App., 356 S.W.2d 809 this court, speaking through Justice Williams, held that to obtain jurisdiction over a foreign corporation it is imperative that the record affirmatively show a strict compliance with the provided mode of service. We further cited Sharp & Dohme v. Waybourne, Tex. Civ.App., 74 S.W.2d 413. Whether the person served was in fact such an agent must be affirmatively shown before default judgment can be proper. See also Investors

Diversified Services v. Bruner, Tex.Civ. App., 366 S.W.2d 810 and McDonald's "Texas Civil Practice", pp. 1366–1367, Sec. 17.23.

■ In the record before us there is no showing that D. E. Wahle, named in the officer's return as Petitioner's "agent for service", was in fact Petitioner's agent for service. Respondents have attached to their brief a copy of an affidavit dated May 28, 1963 of D. E. Wahle in which he says that he was office manager and authorized agent for accepting service for C. T. Corporation System, the corporation named in Respondent's pleading as White Motor Company's agent for service. Respondents should have proved such fact in the trial court. They cannot by affidavit introduce evidence in this court which evidence was necessary to make out a prima facie case in the trial court to support a default judgment taken October 30, 1962 in the trial court. Petitioner's first point on appeal is sustained.

Petitioner's second point complains of the court's action in assessing damages without the intervention of a jury though a jury fee had been paid and the case was on the jury docket.

■ The rule is that when one party demands a jury and pays a jury fee, the right thus secured to him inures to all the other parties to the suit. And the long accepted interpretation of the rule was that the absence of a party did not amount to a waiver, or impair his right to have the issues in a case tried by jury. Barker v. Kidd, Tex.Civ.App., 357 S.W.2d 490; Finnell v. Byrne, Tex.Civ.App., 7 S.W.2d 139; Constitution of Texas, Art. 1, Sec. 15, Vernon's Ann.St.; Rule 243, T.R.C.P.

Respondents contend that the rule was changed by the adoption in 1947 of Rule 220, T.R.C.P. This rule provides that when a party has paid a jury fee "he shall not be permitted to withdraw the cause from the

jury docket over the objection of the parties adversely interested." The rule implies that the party paying the jury fee may withdraw the case from the jury docket if his adversary does not object. The rule expressly provides that in such case the court may allow the party to withdraw his jury fee deposit.

In this case White Motor Company did not object because it had no representative at the trial and was not even constructively present in court, since no proper service of citation had ever been obtained on it. White Motor Company was therefore under no duty to appear.

Rule 220, T.R.C.P. does not expressly say that the absence of a party shall constitute a waiver by said party of his right of a trial by jury. If the Rule is to be given such a meaning it must be by judicial construction. We shall not give it that construction in connection with this case. We call attention to the fact that this is not a case where a defendant has been properly served with citation and thus has been given his opportunity to appear and object, but has elected not to appear; nor is it a case so far as the record shows, where a defendant has failed to appear and object because of his own negligence or indifference.

■ Under the circumstances presented to us here Petitioner, being under no duty to appear at the trial, cannot by his absence be held to have waived a trial by jury. Petitioner's second point on appeal is sustained.

■ In its third and fourth points Petitioner asserts in substance that the default judgment was not proper because (3) Respondents' pleading does not set forth sufficient facts and circumstances constituting their cause of action to fairly notify Petitioner of the basis for their claim, and (4) the court could not have entered judgment for $9,500.00, since Respondents merely alleged damages in excess of the "minimum jurisdictional requirement." In support of these points Petitioner relies on White v.

Jackson, Tex.Civ.App., 358 S.W.2d 174; Grammar v. Hobby, Tex.Civ.App., 276 S.W. 2d 311; and Rules 45, 47 and 90, T.R.C.P.

Respondents' pleading is brief and general in its terms. It simply states that while Respondents "were drivers of a truck they received injuries as the result of inhaling and coming in contact with a foreign matter which was sifting from the cab of this truck which was made and assembled by this defendant"; and that "through the negligence of said White Motor Company in its construction they have sustained injuries in excess of the minimum jurisdictional amount."

Respondents were apparently undertaking to plead a products liability tort action in abbreviated form. But their pleading does not in our opinion give fair notice to the opponent of their claim against it. The pleading does not say what the foreign matter was or what injuries were sustained, or give any inkling as to how the construction of the truck had anything to do with the foreign matter which was "sifting from the cab", or wherein the construction of the truck was negligent. Since the minimum jurisdictional amount in the District Court is $500.00 Respondents could have been suing for $501.00 or $501,000,000.00. Petitioner had no way of knowing the amount of the damages claimed by Respondents.

Rule 90, T.R.C.P. seems to us to be applicable here. It provides that every defect in a pleading either of form or substance shall be deemed to have been waived unless pointed out by motion or exception. But the rule expressly provides as follows: "* * * this rule shall not apply as to any party against whom default judgment is rendered." (Emphasis ours).

We are aware of the holding of our Supreme Court in Edwards Feed Mill, Inc. v. Johnson, 158 Tex. 313, 311 S.W.2d 232. We think that case may easily be distinguished from the instant case. In the Edwards Feed Mill case the cause of action was based on a promissory note in a defi-

nite amount. It was signed by one of the members of a partnership which was buying feed from plaintiff. The count on the promissory note was followed by a count on sworn account. We see no analogy between the Edwards Feed Mill case and the case now before us. Petitioner's third and fourth points are sustained.

The default judgment rendered against Petitioner is reversed and the cause remanded to the trial court for another trial.

Reversed and remanded.