Herb **MEYER**, aka Herbert Meyer dba
**Classic Motors, Appellant,**

v.

Jim **HENERY**, dba Jim Henery Body Shop,
**Appellee.**

No. 11373.

Court of Civil Appeals of Texas.

Austin.

March 9, 1966.

Byron Lockhart, Austin, for appellant.

Baker & Watkins, Thomas H. Watkins, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from the action of the judge of the County Court at Law No. 2 of Travis County, Texas, in disregarding the demand for a jury trial, and in rendering a default judgment.

The appellant was the defendant in a civil action in the court and had seasonably demanded a jury and had paid the jury fee, and had not waived a trial with a jury.

The trial judge without hearing evidence and on the basis of the pleadings rendered judgment for the plaintiff for $198.93, $68.93 the amount of a check and $130.00 as attorney's fee.

The judgment recited that the verified pleadings of the plaintiff were considered, and that there were no verified pleadings by defendant, and that all parties waived demand for a jury.

Appellant in his motion to set aside and vacate the judgment, alleged the demand for and payment of a jury fee and that such jury demand had not been waived. This motion was overruled.

■ The court erred in disregarding the demand for a jury trial, and was without authority to enter the judgment.

■ The right of trial by jury is guaranteed by the Texas Constitution, Sec. 15, Art. 1, Vernon's Ann.St. Rule 216, Texas Rules of Civil Procedure. Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428; Barker v. Kidd, Tex.Civ.App., 357 S.W.2d 490, n. w. h.; Sec. 17.9, Appellate Procedure in Texas.

The judgment of the trial court is reversed and the cause remanded.

HUGHES, Justice (concurring).

This appeal purports to be a sixty day appeal as well as an appeal by writ of error under Arts. 2249, 2249a and 2255, Vernon's Ann.Tex.Civ.St., and applicable rules of civil procedure.

I do not determine the validity of the sixty day appeal for the reason that, in my opinion, the case is properly before us by writ of error.

The only objection which appellee makes to the writ of error appeal is that appellant is precluded by Art. 2249a from resorting to this method of appeal because he participated in the actual trial of the case in the trial court.

It is true that appellant did participate in the trial in the justice court. He did not, however, participate in the trial in the county court to which the justice court case was appealed. It is on these facts that appellee would apply Art. 2249a. I disagree.

Trial in the county court on an appeal from a justice court is de novo. Rule 264, T.R.C.P. This means that the judgment rendered in the justice court is vacated and that in the county court the cause is tried anew. The county court, on such appeals, is in no sense an appellate court. It does not review the justice court trial, correct errors therein, nor may it affirm the judgment or remand the cause to the justice court. Hall v. McKee, 179 S.W.2d 590, Tex.Civ.App. Fort Worth.

It is, therefore, my opinion that the trial court within the purview of Art. 2249a is the court rendering the judgment from which the writ of error is sued out. Such court, in this case, was the county court. Since appellant did not participate in the county court trial, he is not precluded from appealing by writ of error.

Barker v. Kidd, by this Court, cited by the majority, holds that it is error to discharge a jury lawfully requested and try an issue of fact before the court even though the adverse party or his counsel, who requested the jury, fail to appear at the trial.

There was at least one issue of fact before the trial court—the amount of reasonable attorney's fees. Smith v. Texas Co., 53 S.W.2d 774, Tex.Com. of Appeals; Tex.Jur.2d, Vol. 7, Attorneys at Law, Secs. 119 and 125.

Whether there are other questions of fact because of the state of the pleadings, I do not determine for the reason that in all likelihood neither the pleadings nor the evidence will remain unchanged.

I concur in the judgment reversing and remanding this cause.