**J. B. JERRELL, Appellant,**

**v.**

*Lillie Mae JERRELL, Appellee.*

**No. 14537.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 14, 1966.

Evans & Marshall, San Antonio, for appellant.

Frank B. Kelley, San Antonio, for appellee.

BARROW, Justice.

This is an appeal by writ of error. On February 16, 1966, judgment was entered following a non-jury trial granting appellee a divorce from appellant and awarding appellee custody of the couple's minor children. Appellant complains of a denial of his demand for trial by jury in violation of his constitutional rights. See Art.

1, § 15, Art. 5, § 10, Tex.Const., Vernon's Ann.St.

Appellant was served with a copy of appellee's petition on October 22, 1965, and filed his answer on November 1, 1965. On January 17, 1966, appellee requested a setting of this case and it was set, without prior notice to appellant, on the non-jury docket, for February 15, 1966, at 2:00 p. m. The decree indicated that appellant's demand for a jury was unknown to the trial court, in that the decree recites the cause came on to be heard on February 15, 1966, and that appellant, although duly, legally and regularly cited according to law to answer herein, failed to appear in person or by attorney, and that the cause proceeded without the intervention of a jury. It further recites that no jury was demanded by appellee.

It is seen that appellant's demand for a jury was made more than ten days in advance of the date set for trial of the cause on the non-jury docket. Rule 216, Texas Rules of Civil Procedure, allows the demand for a jury, if not made on or before appearance day, to be made "a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than ten days in advance." Although mandatory wording is used in this rule where the demand is made less than ten days in advance of the setting, the Courts, because of the importance of the right of trial by jury under our Constitution, have uniformly construed same as directory. Aronoff v. Texas Turnpike Authority, Tex.Civ. App., 299 S.W.2d 342, no writ; Lebman v. Sullivan, Tex.Civ.App., 198 S.W.2d 280, writ ref'd n. r. e.

■ In order to give full meaning to this construction of the rule, a demand for a jury made more than ten days in advance of the date set for trial is presumed to have been made within a reasonable time. Here there is no contention that a jury was not available on the date set, nor any showing that a trial by jury would have seriously interfered with or impeded the orderly handling of the court's docket. The demand for jury was therefore timely made. The fact that neither appellant nor his counsel was present when the case was tried did not amount to a waiver of appellant's demand for a jury trial. White Motor Co. v. Loden, Tex.Civ.App., 373 S.W.2d 863, no writ; Barker v. Kidd, Tex. Civ.App., 357 S.W.2d 490, no writ; Boothe v. Durrett, Tex.Civ.App., 343 S.W.2d 553, writ ref'd n. r. e.

■ The constitutional provision securing right of trial by jury includes a divorce suit. Art. 4632, Vernon's Ann.Civ.St., authorizes either party in a divorce suit to demand a jury and, although the findings of the jury are advisory only in some aspects of the case, it has been held reversible error to fail to submit all disputed fact issues to a jury where one is timely demanded. Langford v. Langford, Tex.Civ. App., 337 S.W.2d 181, no writ; Aubey v. Aubey, Tex.Civ.App., 264 S.W.2d 484, no writ; Zuniga v. Zuniga, Tex.Civ.App., 244 S.W.2d 270, no writ. Furthermore, this case involves the custody of two minor children, and Art. 4639a, Vernon's Ann. Civ.St., as amended in 1961, makes the verdict of the jury relative to custody of the minor children binding upon the court. Lebowitz v. Lebowitz, Tex.Civ.App., 403 S.W.2d 871, no writ; Welch v. Welch, Tex.Civ.App., 369 S.W.2d 434.

The trial court's error in disregarding appellant's timely demand for a jury requires a reversal of the judgment and remand of the case. Texas & Pacific Ry. Co. v. Van Zandt, 159 Tex. 178, 317 S.W.2d 528 (1958); Meyer v. Henery, Tex.Civ. App., 400 S.W.2d 933, no writ; Barker v. Kidd, supra.

The judgment of the trial court is reversed and the cause is remanded to the trial court.