**J. C. ROBERTS, Petitioner,**

v.

**John W. MULLEN et al., Respondents.**

**No. 16899.**

Court of Civil Appeals of Texas.

Dallas.

May 19, 1967.

Rehearing Denied June 23, 1967.

Wm. Andress, Jr., of Andress, Woodgate & Condos, Dallas, for petitioner.

Lancaster Smith, Harvey L. Davis, Dallas, for respondents.

BATEMAN, Justice.

Our former opinion is withdrawn and the following substituted therefor.

The petitioner, J. C. Roberts, appeals by writ of error from a judgment rendered against him as the result of a trial in which neither he nor his attorney participated, although his former attorney had filed an answer for him.

The respondents have moved for a dismissal of the appeal on the grounds, (1) that no error appears on the face of the record; (2) that petitioner failed to prove that his failure to be represented at the trial was not due to his own fault or negligence, and (3) that petitioner failed to prove that he had a meritorious defense to the cause of action asserted against him.

■ Under the statutes authorizing appeal by writ of error,[1] the complaining party is accorded a review in the Court of Civil Appeals of the same scope as an appeal.

Ward v. Scarborough, Tex.Com.App., 236 S.W. 441; Golden Rod Oil Co. No. One v. Golden West Oil Co. No. One, Tex.Com. App., 293 S.W. 167. "Either remedy brings before the appellate court the whole case for revision of all rulings of the trial court properly assigned as error." 3 Tex.Jur.2d, Appeal and Error—Civil, § 11, p. 285.

■ The distinction between the remedies of appeal, writ of error and bill of review is well explained in McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706, 710–711. After explaining the right of appeal of one who is before the court and learns of the judgment within thirty days after its rendition, the Court, speaking through Chief Justice Calvert, said: "If he does not learn of the judgment within 30 days after its rendition but does learn of it within six months, and the invalidity of the judgment is disclosed by the papers on file in the case, he may obtain relief by prosecuting writ of error to a Court of Civil Appeals." "The papers on file in the case" before us disclose a judgment rendered upon a trial before the court without a jury, although they also disclose a demand for jury trial and payment of the jury fee. Petitioner is entitled to have this matter reviewed on appeal.

■ Respondents rely upon the recent opinion of the Supreme Court in Ivy v. Carrell, Tex.Sup.1966, 407 S.W.2d 212, as holding that no attack upon a default judgment can properly be entertained by any court unless and until the defaulting defendant first shows that his failure to appear and defend was not due to his own negligence and that he has a meritorious defense. That opinion does make it quite clear that such is the rule to be applied when the defendant seeks to set aside the default judgment *in the trial court*, either by motion for new trial or by bill of review, and whether the defendant has failed to answer or make any appearance, or whether, having filed an answer, he does

---

1. Vernon's Ann.Civ.St., Articles 2249 and 2249a.

not appear, either in person or by attorney, at the trial. But it does not hold, and no other case coming to our attention 'has held, that such a showing is a *sine qua non* to a review of the trial court proceedings in the appellate court, to which the case has been properly and timely brought for review. We hold that no such showing is required.

The motion to dismiss is overruled.

The respondents were two individuals and two corporations who sued petitioner for damages on account of alleged fraud and breach of contract. Petitioner was duly served and his attorney, Mr. Barton E. Bernstein, filed a general denial for him. The respondents demanded a jury and paid the jury fee. The case was thereafter regularly set for trial on the jury docket for the week of February 14, 1966. On March 17, 1966, Mr. Bernstein filed a motion for leave to withdraw as petitioner's attorney and an order granting such leave was entered the same day, which was a Thursday. On the following Monday, March 21, 1966, the case was tried and the judgment signed. It recites that the defendant, "though duly and regularly advised of said hearing and the time and place thereof according to law, appeared not, but wholly made default, and the said Defendant has wholly neglected and/or refused to join issue with Plaintiffs under the direction of the Court within the time prescribed for them to do so, and in this regard have additionally made default; and the Court, after consideration of the evidence, the exhibits, and argument of counsel, is of the opinion that judgment should be rendered for Plaintiffs (naming the four respondents) in the sum of $10,446.25," and that the plaintiffs have judgment in that amount.

The judgment contains no reference to the demand for a jury, and no jury was empaneled. So far as the record shows, the trial judge's attention was not directed to the fact that a jury had been demanded and the jury fee paid.

■ By his first point of error on appeal petitioner asserts that the trial court erred in trying the case and rendering judgment without the aid of a jury. It is well settled that when one party demands a trial by jury and pays the required jury fee, the right thus secured to him inures to all other parties to the suit. White Motor Co. v. Loden, Tex.Civ.App., 373 S.W.2d 863, 865, no wr. hist.; Finnell v. Byrne, Tex. Civ.App., 7 S.W.2d 139, no wr. hist.

■ It is also well etablished that the absence of a party or his attorney from the trial does not constitute a waiver, or impair that party's right to have the issues in the case tried by jury. Barker v. Kidd, Tex. Civ.App., 357 S.W.2d 490, no wr. hist.; Panhandle & S. F. Ry. Co. v. Lawless, Tex.Civ.App., 94 S.W.2d 213, no wr. hist.; Finnell v. Byrne, supra; Jerrell v. Jerrell, Tex.Civ.App., 409 S.W.2d 885.

■ The respondents argue that the petitioner should not be heard to complain of being deprived of a jury trial because he fails to show (1) that his lack of representation at the trial was not due to his own fault or negligence, and (2) that he had a meritorious defense. His right to a jury trial, at least as to the amount of damages due on the unliquidated demand, and the denial by the court of that right, appear on the face of the record. His general denial raises a "meritorious defense" as to that issue; and he was entitled to have a jury ascertain the amount of damages to which the respondents were entitled, whether his absence from the court was negligent or not.

■ Respondents also contend that under the provisions of Rule 220, T.R.C.P., they had a right to withdraw the case from the jury docket in the absence of objection by petitioner. As we said recently in W. E. Grace Manufacturing Co. v. Green, Tex. Civ.App., 417 S.W.2d 71, if it is to be implied that under Rule 220, T.R.C.P., the failure of one party to object gives to the adverse party the right to withdraw the case

from the jury docket, or waive the jury unilaterally, it must also be implied that the non-objecting party is not thus deprived of his constitutional[2] right to a jury trial unless present, in person or by attorney, with the opportunity to make a free choice as to whether he desires to insist upon or waive the right.

Petitioner's first point of error is sustained.

■■ In his second point of error petitioner says the judgment is erroneous because it is at variance with the pleadings. The petition sets forth separate claims of the four respondents for damages alleged to have been caused them by petitioner's actions. No joint ownership of any of the causes of action asserted is alleged, except that as to several of them the individual respondents, Mullen and Powell, assert their common ownership. Yet, the judgment is for a single amount and in favor of all four respondents collectively. No satisfactory explanation of this variance appears in the record. "A judgment not supported by pleadings is erroneous." Garrison v. Smith, Tex.Civ.App., 306 S.W.2d 244, 246, no wr. hist., citing Starr v. Ferguson, 140 Tex. 80, 166 S.W.2d 130. Rule 301, T.R.C.P. The second point is therefore sustained.

■ Petitioner's third point of error is that respondent's pleadings fail to state a cause of action and, therefore, do not support the judgment. It would unnecessarily lengthen this opinion to set forth even a summary of the allegations of the opinion. By indulging "all averments as well as all reasonable intendments and inferences which can be gleaned from the petition," we find that, although subject to numerous special exceptions, it would stand as against a general demurrer, and for that reason we hold it sufficient to support the judgment. Edwards Feed Mill, Inc. v. Johnson, 158 Tex. 313, 311 S.W.2d 232; White v. Jackson, Tex.Civ.App., 358 S.W.2d 174, wr.

ref. n. r. e.; Odom v. Pinkston, Tex.Civ. App., 193 S.W.2d 888, wr. ref. n. r. e. Petitioner's third point is overruled.

■ His fourth point of error is that after permitting petitioner's attorney to withdraw, the court erred in proceeding to trial without notice to him of the withdrawal of his attorney, or of a further setting, with reasonable opportunity to secure other counsel. The judgment recites that petitioner was "duly and regularly advised of said hearing and the time and place thereof according to law." In the absence of a showing to the contrary, we must accept that recitation as being correct. Accordingly, the fourth point is overruled.

■ On the same principle we overrule the fifth point of error, which asserts error because no evidence was introduced upon which the judgment could be based. The judgment recites that evidence was heard, and we must accept that recital as true in the absence of proof to the contrary. The transcript contains a certificate by the official court reporter that no testimony was reported by her, but we cannot accept this as proof of falsity of the recital in the judgment. Testimony may have been heard and not reported, or possibly reported by a substitute reporter. Moreover, this being a judgment *nihil dicit,* which has been held to be a species of judgment by confession, carrying with it more strongly the admission of the justice of the plaintiff's cause of action than a judgment by default, it is our holding that, except for the amount of damages, if any, to which each of the respondents is entitled, the material facts well pleaded as to their causes of action must be taken as confessed. 33 Tex.Jur.2d, Judgments, § 131, p. 653; Gilder v. McIntyre, 29 Tex. 89 (1867); Graves v. Cameron, 77 Tex. 273, 14 S.W. 59 (1890); Howe v. Central State Bank, Tex.Civ.App., 297 S.W. 692, wr. ref.; O'Quinn v. Tate, Tex.Civ.App., 187 S.W.2d 241, wr. ref.

2.  Article 1, Sec. 15, Texas Constitution; Seventh Amendment to U.S. Constitution.

For the errors complained of in petitioner's first two points, both of which appear on the face of the record, the judgment is reversed and the cause remanded for trial by jury of the issue as to the amount of damages, if any, to which each of the respondents is entitled as a proximate result of the wrongful conduct of petitioner alleged in respondents' petition.

Reversed and remanded.