W. E. GRACE MANUFACTURING COM-
PANY, Petitioner,

v.

Otis GREEN, Respondent.

No. 16898.

Court of Civil Appeals of Texas.

Dallas.

May 19, 1967.

Rehearing Denied June 9, 1967.

Louis Wilson, Larry M. Lesh, of Locke, Purnell, Boren, Laney & Neely, Dallas, for petitioner.

Thomas Black, of Maloney & Black, Austin, Claire E. Bailey, of Hight, Bailey & Hight, Dallas, for respondent.

BATEMAN, Justice.

Our former opinion is withdrawn and the following substituted therefor.

The petitioner, W. E. Grace Manufacturing Company, appeals by writ of error from a default judgment against it for damages on account of bodily injuries alleged to have been sustained by the respondent, Otis Green, and caused by negligence of the petitioner. Although duly served, the petitioner did not appear or answer.

By its first point of error the petitioner says that the respondent's petition was insufficient to support the default judgment. Respondent alleged that he was an employee of petitioner when injured and that petitioner, though eligible, did not carry workmen's compensation insurance. His allegations with respect to petitioner's alleged negligence were as follows:

"II.

"That as an employer, the defendant owed its employees the duty of furnishing them a safe place in which to perform the tasks and duties of their employment. That this defendant failed to so provide its employees with a safe place, and in particular, failed to provide your plaintiff, Otis Green, with a place reasonably safe in which to perform his chores and duties. In this connection, plaintiff would show that on or about the 12th day of October, 1964, while he was working as an employee of the defendant at its place of business located at 6000 South Lamar, Dallas, Texas, and while going about his tasks and duties in its place of business, he was lifting and thereby received the injuries and damages hereinafter set forth.

"III.

"That at the time and on the occasion in question, your defendant, acting by and through its agents, servants and employees, who were in the course and scope of their employment and in the furtherance of the defendant's affairs, was guilty of some one or more or all of the following acts of negligence, among others, which said negligence directly and proximately caused your plaintiff's injuries and damages as follows:

"1. In failing to provide assistance and help to the plaintiff.

"2. In failing to properly supervise the lifting tasks performed by the plaintiff.

"3. In failing to warn the plaintiff of the hazards and dangers involved in the tasks in question."

The petitioner contends that the foregoing pleading is insufficient to give it that "fair notice" of the claim which is required by Rules 45 and 47, Vernon's Texas Rules of Civil Procedure, pointing out that it is not alleged in what respect the place of work furnished by petitioner was unsafe, nor what was being lifted by respondent, nor the weight of the object being lifted, nor in what respect the alleged failure to supply a safe place to work caused injury to him while "he was lifting." Petitioner also points out the absence of a pleading of any duty on its part to provide assistance or on-the-spot supervision. It also argues that, since respondent alleged that prior to his injuries he was a "strong, healthy, able-bodied man who was capable of being employed," there was no duty on the part of his employer to furnish him assistance or on-the-spot supervision in connection with the performance of the very duties he had contracted to perform.

These arguments do point up several obvious defects in the petition. However, Rule 47, T.R.C.P., only requires that the petition contain "a short statement of the

cause of action sufficient to give fair notice of the claim involved," and Rule 45 provides, in part, "That an allegation be evidentiary or be of legal conclusion shall not be ground for objection when fair notice to the opponent is given by the allegations as a whole."

As the general nature of the cause of action may be said to be described therein, we hold that the respondent's petition, though subject to numerous special exceptions, is sufficient to support the default judgment. We arrive at this conclusion by applying the "general demurrer test"; i. e., having indulged "all averments as well as all reasonable intendments and inferences which can be gleaned from the petition," we find that the petition would be good as against a general demurrer; hence, it would be adequate to support the default judgment. Odom v. Pinkston, Tex.Civ. App., 193 S.W.2d 888, wr. ref. n. r. e.; White v. Jackson, Tex.Civ.App., 358 S.W. 2d 174, wr. ref. n. r. e.

Our Supreme Court has even held, not only that it is unnecessary for a plaintiff to allege the evidence upon which he relies to establish his asserted cause of action, but that "it is not requisite that a petition be technically sufficient to state a cause of action in order to sustain a default" if it does "not show affirmatively that the plaintiff had no cause of action". Edwards Feed Mill v. Johnson, 158 Tex. 313, 311 S.W.2d 232, 234.

Petitioner's first point of error is overruled.

By its second point of error, petitioner contends the trial court erroneously assessed the damages without the intervention of a jury, although a jury had been demanded and the jury fee paid.

The record shows the demand for a jury and the payment of the fee. The judgment recites that the plaintiff waived a trial by jury and that the case was tried by the court without the intervention of a jury. It also recites that the defendant, though duly served, did not appear, in person, by attorney or by answer. It makes no recitation of a motion having been made for the removal of the case from the jury docket, or of anything that would have indicated to the absent defendant that the case would be tried without a jury unless he objected thereto.

When one party demands a trial by jury and pays the required jury fee, the right thus secured to him inures to all other parties to the suit. White Motor Co. v. Loden, Tex.Civ.App., 373 S.W.2d 863, 865, no wr. hist.; Finnell v. Byrne, Tex. Civ.App., 7 S.W.2d 139, no wr. hist.

Rule 220, T.R.C.P., provides that when any party has paid the jury fee he shall not be permitted to withdraw the case from the jury docket over the objection of the parties adversely interested. Respondent argues that since petitioner did not object to the withdrawal of the case from the jury docket it has now no right to complain that the damages were assessed by the court and not by the jury.

It has been repeatedly held that the absence of a party or his attorney from the trial did not constitute a waiver, or impair that party's right to have the issues in the case tried by jury. Barker v. Kidd, Tex.Civ.App., 357 S.W.2d 490, no wr. hist.; Finnell v. Byrne, supra; Panhandle & S. F. Ry. Co. v. Lawless, Tex.Civ.App., 94 S.W.2d 213, no wr. hist.; Jerrell v. Jerrell, Tex.Civ.App., 409 S.W.2d 885.

We held, in White Motor Co. v. Loden, supra, that the failure of the defendant to object to the withdrawal of the case from the jury docket did not deprive the defendant of its right to a jury trial because the defendant had not been properly served and was therefore not before the court. We now extend that rule to this case, where the defendant was properly served with citation but, for some reason not disclosed by the record, has not appeared.

 The precise question does not seem to have been decided by any Texas appellate court. It is noted that Rule 220 is stated negatively. It does not affirmatively accord to a party paying the jury fee the right to withdraw the case from the jury docket if the adverse party does not object, although we stated in White Motor Co. v. Loden, supra, that such right would be implied. We also pointed out in that opinion that the rule "does not expressly say that the absence of a party shall constitute a waiver by said party of his right of a trial by jury", and we expressly declined to give it that meaning by judicial construction. If the right to withdraw the case from the jury docket is to be implied, we think it must also be implied that a non-objecting party would not be thus deprived of his constitutional right to a jury trial unless he were present, either in person or by attorney, and had the opportunity to make a free choice as to whether he would insist upon or waive the right. Only in this manner, it seems to us, can effect and meaning be given to the first sentence of Sec. 15, of Article 1, of the Texas Constitution, Vernon's Ann.St., which is: "The right of trial by jury shall remain inviolate."

In other words, the respondent's demand for a jury and payment of the jury fee secured to *both parties* a "fixed and inviolate" right to a trial by jury. Barker v. Kidd, supra. That was a right which could be waived, but not a right of which either party could be deprived merely by his absence from the court, whether he had answered or otherwise entered his appearance or not.

Accordingly, petitioner's second point of error is sustained.

Respondent's petition having been held to be sufficient to state a cause of action, all material facts well pleaded therein, except the amount of damages must be held to have been admitted by petitioner's default. 33 Tex.Jur.2d, Judgments, Sec. 129, p. 650; Rankin v. Clemons, 358 S.W.2d 704 (Tex.Civ.App., Austin, 1962, writ ref'd. n. r. e.); Sagebiel's Inc. v. Sumrall, 358 S.W.2d 251 (Tex.Civ.App., Eastland, 1962, writ ref'd. n. r. e.). The judgment is therefore reversed and remanded in order that petitioner may be accorded a trial by jury as to the amount of damages, if any, sustained by respondent as a proximate result of the wrongful conduct of petitioner alleged in respondent's petition.

Reversed and remanded.