Calvin R. BRAWNER, d/b/a Cal's Used Cars and Thomas A. Mills, d/b/a Mills Motor Sales, Relators,

v.

Honorable Robert ARELLANO, Judge, 150th District Court of Bexar County and Honorable Carol R. Haberman, Judge, 45th District Court of Bexar County, Respondents,

San Antonio Auto Auction, Real Party in Interest.

No. 04–88–00388–CV.

Court of Appeals of Texas, San Antonio.

Sept. 14, 1988.

Writ Dismissed Oct. 26, 1988.

Charles J. Lieck, Jr., San Antonio, for relators.

Michael J. Black, Dale Weyand, Burns & O'Gorman, San Antonio, for respondents.

Before BUTTS, REEVES and CHAPA, JJ.

## OPINION

REEVES, Justice.

This original mandamus proceeding arises from a denial by the trial court of relators' request for a trial by jury, follow-

ing a late-filed jury demand. The controversy originated under Cause No. 88–CI–07043 in the 288th District Court of Bexar County, entitled *San Antonio Auto Auction v. Calvin R. Brawner d/b/a Cal's Used Cars and Thomas A. Mills d/b/a Mills Motor Sales.*

The lawsuit was filed on April 20, 1988, and the defendants below, who are relators in the instant proceedings, filed their original answer and special exceptions to the original petition on May 18, 1988. On May 24, 1988, counsel for the parties agreed to amendment of the petition to conform to the special exceptions, with the amended petition to be filed by June 6, 1988. On June 3, 1988, San Antonio Auto Auction, the plaintiff below and the real party in interest in this proceeding, filed its amended petition, as well as a non-jury trial setting request for June 28, 1988. Upon receiving the amended petition and the non-jury trial setting request, relators' counsel filed a jury demand and paid the jury fee.

Subsequent to filing his jury demand, relators' counsel was admitted to a hospital for surgery to be performed on June 28, 1988, the date of the non-jury trial setting. On the date of the trial setting, a motion for continuance and to remove the case from the non-jury to the jury docket was filed and argued before Judge Robert Arellano, one of the respondents herein. On July 25, 1988, an order commemorating the hearing on the motion was signed by Judge Carol Haberman, the other respondent, because of Judge Arellano's unavailability to sign the order. The order, which provides the basis for this original mandamus proceeding, granted a continuance of the trial from its setting of June 28, 1988, until September 2, 1988, on the grounds of the illness of relators' counsel, but the request to remove the case to the jury trial docket was denied because plaintiff [San Antonio Auto Auction] had previously filed a timely motion to set this cause for trial on the non-jury docket.

■ Relators urge that the trial court abused its discretion in failing to grant a jury trial at the same time the continuance of the case was granted. Rule 216, Texas Rules of Civil Procedure, provides, in pertinent part, that:

No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, *but not less than thirty days in advance.*

TEX.R.CIV.P. 216(1) (emphasis added). It is undisputed that at the time relators filed a jury demand and paid the jury fee, less than thirty days remained before the date the case was set for trial on the non-jury docket. Relators contend, however, that since they made a jury demand on the same date they received notice of the non-jury trial, they have acted within "a reasonable time before the date set for trial of the cause," as Rule 216 in part requires.

■ The real party in interest urges that its setting request was in conformity with Rule 245, Texas Rules of Civil Procedure, requiring "notice of not less than ten days to the parties" for trial, as well as the Local Rules of the District Courts of Bexar County that "upon written request by any party, the non-jury setting clerk shall schedule ... non-jury trials." Local Rule 1.3. Relators argue that since they had only twenty-two (22) days notice of the non-jury setting, it was impossible for them to demand a jury trial thirty (30) days in advance, as Rule 216 also requires, but they contend that the continuance of the non-jury trial to a date more than thirty (30) days after the non-jury trial setting inures to their advantage and entitles them to a jury trial.

We disagree and deny the petition for a writ of mandamus. In *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916 (Tex. 1985), the Supreme Court of Texas in an original mandamus proceeding, held that:

A trial court ... abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *King v. Guerra,* 1 S.W.2d 373, 376 (Tex.Civ.App. —San Antonio 1927, writ ref'd); *Bush v. Vela,* 535 S.W.2d 803, 805 (Tex.Civ.App. —Corpus Christi 1976, mand. overr.). A

relator who attacks the ruling of a trial court as an abuse of discretion labors under a heavy burden. *Lutheran Social Services, Inc. v. Meyers*, 460 S.W.2d 887, 889 (Tex.1970). The relator must establish, under the circumstances of the case, that the facts and law permit the trial court to make but one decision. This determination is essential because mandamus will not issue to control the action of a lower court in a matter involving discretion. *Pat Walker & Company, Inc. v. Johnson*, 623 S.W.2d 306, 308 (Tex.1981).

\* \* \* \* \* \*

In order to find an abuse of discretion, the reviewing court must conclude that the facts and circumstances of the case extinguish any discretion in the matter. *Id.* at 917–18.

In *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985), the Supreme Court of Texas further refined the standard of review in such matters, where it stated:

> The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex.Comm.App.—1939, opinion adopted). Another way of stating the test is whether the act was arbitrary or unreasonable. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex. 1984); *Landry v. Travelers Insurance Co.*, 458 S.W.2d 649, 651 (Tex.1970). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Southwestern Bell Telephone Co. v. Johnson*, 389 S.W.2d 645, 648 (Tex.1965); *Jones v. Strayhorn*, 159 Tex. 421, 321 S.W.2d 290, 295 (1959).

*Id.* at 241–42. In the instant case, there is no record of the proceedings at the hearing on the motion for continuance. Neverthe-less, relators urge that the real party in interest failed to show harm if a jury trial were granted. The order from which this proceeding arises is silent on whether evidence of harm was considered in the trial court. Relators argue that *Jerrell v. Jerrell*, 409 S.W.2d 885 (Tex.Civ.App.—San Antonio 1966, no writ) provides authority that entitles them to a jury trial. *Jerrell*, however, is distinguishable on several points from the instant case, and relators have misread its import. In *Jerrell*, there is no question that the jury demand was timely under the former Rule 216; it is undisputed that the jury demand in the instant case was untimely under the plain language of amended Rule 216. Moreover, the divorce decree in *Jerrell* was facially erroneous where it stated in explicit terms that no jury demand had been made. *Jerrell* stands for the proposition that in some circumstances a timely demand for a jury, which is disregarded, requires reversal and remand of the case for trial. *Jerrell* does not address, nor does it purport to endorse, the notion that an untimely demand can be converted to a timely request, by virtue of the passage of time following a continuance of the non-jury trial setting to a date subsequent, as relators urge in the present case.

■ Relators also contend that because their verified allegations in their Motion for Leave to File Petition for Writ of Mandamus were not specifically denied under oath by the respondents and real party in interest, this Court is required to accept as true their assertions that a jury would be available for the trial of this case on the new trial setting date. Relators apparently rely, without asserting any authority for the reliance, on Texas Rule of Appellate Procedure 74(f), which provides that "any statement made by *appellant* in his original brief as to the facts or the record *may be accepted* by the court as correct unless challenged by the opposing party." TEX. R.APP.P. 74(f). We are, therefore, not bound to accept relators' allegation regarding the prospective availability of a jury on the trial date, which could only be speculative at best, in the absence of a special trial

setting, or proof that it would not unduly burden the court's docket.

█ In *Peck v. Ray*, 601 S.W.2d 165 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.), the court observed that certain factors should be considered by the trial court in determining whether a jury trial should be granted or denied after a late jury demand. The court in *Peck* stated:

> The trial judge should ascertain whether the granting of the jury trial would injure the adverse party or would result in an interference with the orderly handling of the court's docket or delay the trial of the case.

*Id.* at 167. Without a statement of facts or a finding in the order as to the condition of the trial docket, we must assume that the trial court found the jury docket too crowded to accommodate relators' untimely request. While relators have belatedly made a jury demand and paid the jury fee, there is nothing in the record to demonstrate that they have affirmatively set the case for trial on the jury trial docket.

Additionally, we look to *West v. Solito*, 563 S.W.2d 240 (Tex.1978), where the Supreme Court of Texas, in an original mandamus proceeding, refused to pass on the merits of an argument involving a release instrument central to the arguments of both parties, because the release was not placed in issue before the trial court, thus depriving the fact finder of the opportunity to determine from the facts and circumstances surrounding the release if there was an implied waiver. The Supreme Court noted that the first time the release was put into issue was when it appeared as an exhibit to the brief of one of the respondents, and further observed that:

> For this court to decide if there has been an implied waiver of the privilege would necessarily require us to consider disputed questions of fact surrounding the negotiation and execution of the release. Therefore, we do not reach the merits of the arguments based upon the release because *an appellate court may not deal with disputed areas of fact in a mandamus proceeding* (citations omitted).

*Id.* at 245 (emphasis added). Similarly, we decline to reach the disputed issue of whether harm was shown if a jury trial were granted, particularly where the record from below is silent on the issue.

Under the record before us, we find there was no abuse of discretion by the trial court, and we accordingly decline to grant the writ of mandamus. In addition, we divest ourselves of jurisdiction over this case and hereby commit it to the attention of the non-jury setting clerk in the Bexar County District Clerk's office for re-setting on the non-jury trial docket in accordance with the Local Rules of the District Courts of Bexar County.