# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00502-CV

**Roderick Lee Mitchell, M.D., Appellant**

**v.**

**Texas Medical Board, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
## NO. D-1-GN-13-000240, HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Texas Medical Board (the Board) revoked Dr. Roderick Lee Mitchell's license to practice medicine. Mitchell filed a suit for judicial review of the agency order. *See* Tex. Gov't Code § 2001.176. The district court affirmed the agency order. Mitchell's two appellate issues reduce to the contention that the agency order is void because the administrative law judge (ALJ) failed to send a copy of his proposal for decision (PFD) to either Mitchell or his counsel. *See* 1 Tex. Admin. Code § 155.507(b) (2014) (State Office of Admin. Hearings, Proposal for Decision). We will affirm.

## BACKGROUND

Mitchell held a license to practice medicine issued by the Board in 1981. In September 2011, the Board filed a complaint against Mitchell based on allegations that he violated the Texas Occupations Code and certain administrative rules. *See* Tex. Occ. Code § 164.052

(identifying prohibited practices by physicians); 22 Tex. Admin. Code § 190.8 (2014) (Tex. Med. Bd., Violation Guidelines) (identifying practices and conduct considered to be violations of Medical Practice Act). The State Office of Administrative Hearings (SOAH) held a contested-case hearing before an ALJ. Mitchell attended the hearing with his attorney, Craig Washington, but submitted no exhibits and called no witnesses. The ALJ prepared a PFD, which included numerous proposed findings of fact and conclusions of law detailing the various violations the ALJ determined that Mitchell committed. The record includes correspondence dated October 1, 2012, from the ALJ to the Board's Executive Director enclosing a copy of the PFD. The letter indicates that a copy of that correspondence and enclosed PFD was sent to Mitchell's attorney by regular mail addressed to his office in Houston.

On November 7, the Board's hearings coordinator sent a letter to the ALJ informing him that the PFD would be presented to the Board for consideration and approval at a meeting to be held on November 30. The letter indicates that a copy of this letter was sent to Craig Washington, again at his Houston office. On November 8, a staff attorney for the Board sent a letter to Washington informing him that the Board would consider the PFD at its November 30 meeting and informing him of the opportunity to make a brief oral presentation. The record contains a delivery confirmation tracking number from Lone Star Overnight indicating that this correspondence was delivered to Washington's Houston office on November 9, 2012.

The Board signed and entered its final order on November 30. The final order states that the ALJ presided over the contested case and prepared a PFD containing findings of fact and conclusions of law on October 1. The final order recites that "the PFD was properly served on all parties, and all parties were given an opportunity to file exceptions and replies as part of the record

2

herein. No Exceptions were filed by either party." The Board adopted the findings of fact and conclusions of law included in the PFD and ordered Mitchell's medical license revoked as of the date of the final order. On December 29, Mitchell filed a notice of appearance designating Joseph R. Willie, II, as his new attorney-in-charge. The notice stated that Washington would remain "of counsel" on the matter and requesting that all further communications regarding the proceeding be forwarded to Willie. That day Willie also filed a motion for rehearing of the final order. The motion for rehearing stated: "It is the Respondent [sic] contention that Attorney Washington was never served with the Proposal for Decision nor was the Respondent served with the Proposal for Decision." *See* 1 Tex. Admin. Code § 155.507(b) (requiring that ALJ furnish copy of PFD to each party). In the motion Mitchell contends that, as a result of the ALJ's failure to serve him with a copy of the PFD, he was denied his right to file exceptions to it, which he argues constitutes a violation of his equal protection and due process rights guaranteed by the United States and Texas Constitutions. Mitchell maintains that, as a consequence, any final order predicated on the PFD is void as a matter of law.

The Board denied Mitchell's motion for rehearing in January 2013. Mitchell then filed suit for judicial review. As he had argued in his motion for rehearing, Mitchell's original petition stated: "It is the Respondent [sic] contention that Attorney Washington was never served with the Proposal for Decision nor was the Respondent served with the Proposal for Decision." Mitchell asserted that the Board's final order revoking his medical license was void for the reason that neither he nor his attorney was served with the PFD, depriving him of his right to file exceptions thereto in violation of his constitutional rights to equal protection and due process.

While the suit for judicial review was pending in Travis County district court, the Board was notified that Mitchell was continuing to practice medicine. Specifically, the Board received information from the Texas Department of Public Safety that Mitchell was continuing to write prescriptions following revocation of his license. As a consequence, the Board filed an application for a temporary restraining order and temporary injunction to prohibit Mitchell from continuing to practice medicine without a license. In its verified application, the Board stated that Willie (Mitchell's counsel) had incorrectly informed a health-care facility that Mitchell was still able to practice medicine while his suit for judicial review was pending. The Board correctly argued that a Board order is not stayed during pendency of an appeal unless otherwise ordered by a court. *See* Tex. Occ. Code § 164.011(b) (person may not practice medicine or deliver health-care services in violation of disciplinary order or action of board while an appeal is pending unless order or action is stayed by appropriate court).

Mitchell then filed a response and cross-application for temporary injunction again arguing that the Board's revocation order was void because the PFD was not served on Mitchell's counsel or Mitchell as required by the Board's rules and he was therefore unable to file exceptions to the PFD. Mitchell sought to enjoin the Board from enforcing the revocation order and asked that the case be remanded to the Board to afford Mitchell the opportunity to "rebut the Proposal for Decision rendered by the Administrative Law Judge." The district court granted the Board's request for a temporary restraining order, enjoined Mitchell from practicing medicine until further order of the court, and set a hearing on the Board's request for a temporary injunction. Thereafter, the district court held a hearing and granted the Board's request for a temporary injunction prohibiting Mitchell from practicing medicine until further order of the court and denied Mitchell's cross-application.

4

In July 2013, the district court held a trial on the merits of Mitchell's suit for judicial review. At trial, Willie again asserted that the Board's revocation order was void because the ALJ did not send a copy of the PFD to Washington, Mitchell's counsel, or to Mitchell. The district court rendered judgment affirming the Board's order revoking Mitchell's license to practice medicine. Mitchell then perfected this appeal, contending that the ALJ's alleged failure to serve the PFD on either Mitchell or his counsel, which he contends deprived him of a right to file exceptions to the PFD, violated his constitutional rights and "vitiates, as a matter of law, the entire administrative process."

## DISCUSSION

SOAH's administrative rules provide that an ALJ "shall submit the proposal for decision to the referring agency and furnish a copy to each party." 1 Tex. Admin. Code § 155.507(b). The parties may then submit to the ALJ and the referring agency exceptions to the PFD. *Id.* § 155.507(c). Exceptions must be filed within 15 days after the date of service of the PFD. *Id.* § 155.507(c)(1). If service is by regular mail, the date of service is presumed to be no later than three days after mailing. *Id.* § 155.507(c)(2). Upon proper request and for good cause or by agreement of the parties, the ALJ may extend the time to file exceptions to the PFD. *Id.* § 155.507(3), (4). The linchpin of Mitchell's argument in the district court and in this Court is his assertion that the ALJ did not comply with his obligation to serve him with a copy of the PFD.

The ALJ's October 1, 2012 letter to the Board's Executive Director enclosing a copy of the PFD indicated that a copy of that correspondence was sent to Mitchell's attorney, Craig Washington, by regular mail to his law office in Houston. Moreover, the Board's order recites

5

that the PFD was properly served on all parties and all parties were given an opportunity to file exceptions. A recitation in a judgment or order that proper notice was given provides prima facie evidence of such notice that the reviewing court must accept as true absent evidence to the contrary. *See, e.g.*, *Roberts v. Mullen*, 417 S.W.2d 74, 78 (Tex. Civ. App.—Dallas 1967), *aff'd*, 423 S.W.2d 576 (Tex. 1968); *see also MJR Fin., Inc. v. Marshall*, 840 S.W.2d 5, 9 (Tex. App.—Dallas 1992, no writ) (there exists presumption that recitals contained in judgment are true).[1] Mitchell argues that he has rebutted this presumption by introducing "evidence of non-service." Having reviewed both the administrative record and the record from the suit for judicial review, we disagree that Mitchell has rebutted the presumption that the ALJ properly served the PFD on Mitchell.

In his briefing to this Court, Mitchell asserts, without citation to the record, that he "presented verified proof that the documents were not received." We presume Mitchell is referring to an affidavit he attached to his application for a temporary injunction. In that affidavit, Mitchell averred that he read the application for temporary injunction and "the allegations contained therein are within [his] personal knowledge and are true and correct." The only allegation related to service of the PFD is the following: "It is the Respondent [sic] contention that Attorney Washington was never served with the Proposal for Decision nor was the Respondent served with the Proposal for Decision." Mitchell's affidavit swearing that it is his "contention" that the ALJ failed to comply with rule 155.507(b) does not, however, constitute *evidence* rebutting the presumption that the agency's recital in its order that the ALJ properly served the parties with the PFD is true. Also

---

[1] Although these cases involve orders and judgments issued by trial courts, we see no reason the presumption of truth should not apply equally to recitals contained in a final agency order.

notably absent from the record is any statement, sworn or unsworn, by Washington affirming that he did not receive a copy of the ALJ's October 1, 2012 correspondence to the Board's Executive Director enclosing a copy of the PFD. The record does, however, contain unrebutted evidence that Washington received a copy of the PFD from the Board's staff attorney on November 9, 2012 yet never made any request for an extension of time to file exceptions to that PFD on the ground that he had not previously been served with a copy. There is no conflict between the Board's final order reciting that the ALJ properly served the PFD on the parties and the evidence contained in the record. We overrule Mitchell's first issue in which he contends that the ALJ failed to properly serve him or his counsel with the PFD.

Because of our disposition of Mitchell's first issue we need not, and do not, address his assertion, unsupported by any authority, that the failure of an ALJ to comply with administrative rule 155.507(b) violates constitutional rights and thereby voids any agency order predicated on that PFD. We do observe, however, that Mitchell attended the contested-case hearing, though he declined to present evidence. He also filed a motion for rehearing and a suit for judicial review. We also note that Mitchell's counsel never requested an extension of time to file exceptions to the PFD once he undisputedly was aware of its existence before the November 30, 2012 hearing when it was presented to the Board.

## CONCLUSION

For the reasons stated above, we affirm the district court's judgment affirming the Board's final order revoking Mitchell's license to practice medicine.

7

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   February 4, 2015